UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

**ERICKA MEDINA,**
      **Plaintiff,**

vs.

**BULLDOG LOGISTICS,
INCORPORATED
Foreign Profit Corporation,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ERICKA MEDINA ("Ms. Medina" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, BULLDOG LOGISTICS, INCORPORATED ("BD" or "Defendant") and alleges the following:

1. Plaintiff brings these claims for sexual harassment/sex discrimination and retaliation against Defendant for subjecting her to sexual harassment, retaliation, and ultimately termination in violation of the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FCRA"), and Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## JURISDICTION

2. The Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331 as they arise under 42 U.S.C. § 2000e *et seq.* The Court has supplemental jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1367, as this claim is so related to Plaintiff's

Title VII claims, that together, they form part of the same case or controversy. Specifically, Plaintiff a male employee, was sexually harassed and then retaliated against and fired for opposing Defendant's illegal and harassing workplace practices.

## VENUE

3. Venue is proper because Defendant has minimum contacts in Broward County, Florida, and Plaintiff worked for Defendant in Broward County, Florida, where the actions at issue took place.

## PARTIES

4. Plaintiff is protected by the FCRA and Title VII because:

    a. She was a female employee who suffered sexual harassment/sex discrimination, and retaliation by Defendant;

    b. She objected to Defendant's unlawful behavior; and

    c. She suffered adverse employment action after objecting to Defendant's harassing conduct by being fired for same.

5. Defendant was at all material times an "employer" as defined by Title VII of the Civil Rights Act as well as §760.02(7), Fla. Stat.

6. Plaintiff is an adult individual who resides in Broward County, Florida and worked for Defendant remotely in Broward County, Florida.

7. BD is a Foreign Profit Corporation headquartered in Georgia, but which conducts business in Florida and has minimum business contacts in the state.

## CONDITIONS PRECEDENT

8. Plaintiff, on or around March 24, 2021, duly and timely dual-filed filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the

Florida Commission on Human Relations ("FCHR") against Defendant.

9. On January 24, 2023, the EEOC sent Plaintiff a Notice of Right to Sue, allowing her to file a civil action in this court within ninety (90) days of receipt of same.

10. More than 180 days have passed since the original filing of the charge of discrimination.

11. Plaintiff timely files this action within the applicable period of limitations against Defendant.

12. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

13. Ms. Medina worked for BD as a Human Resources Specialist from October 15, 2020, until her unlawful and retaliatory termination on February 23, 2021.

14. Ms. Medina worked remotely in Florida, but had to travel to Defendant's Georgia headquarters periodically.

15. During her employment with BD, Ms. Medina was subjected to a relentless campaign of harassment, abuse, and discrimination based on sex.

16. BD's owner, William Ford, Jr., repeatedly subjected Ms. Medina and other female workers to unwanted sexual advances and to inappropriate touching.

17. Mr. Ford sent inappropriate text messages to Ms. Medina, and constantly made inappropriate statements to her.

18. Ms. Medina rejected Mr. Ford's advances early and often, but to no avail.

19. There was a lesbian couple working for BD, and Mr. Ford asked Ms. Medina if she "would let them eat [her] out" and if Ms. Medina had ever been with a woman before.

20. When Ms. Medina visited BD headquarters in Atlanta, Georgia, in early

December of 2020, Mr. Ford oafishly groped Ms. Medina on her thighs and breasts.

21. On December 31, 2020, Mr. Ford told Ms. Medina that he would not mind paying her a salary of $200,000.00 per annum, but that "we would have to be together" and have sexual relations regularly.

22. Mr. Ford's offer effectuated an unlawful quid pro quo scheme in violation of Title VII and the FCRA.

23. Ms. Medina had to quickly buy a return flight back to Florida in order to escape the relentless harassment.

24. During early 2021, the abuse, harassment, and discrimination based on sex only continued.

25. Distraught, Ms. Medina objected to BD co-owner William Ford, Sr., who is Mr. Ford's father, stating that BD's actions violated, *inter alia*, Title VII and the FCRA as they constituted unlawful sexual harassment and sex discrimination.

26. Ms. Medina's objections are considered protected activity pursuant to Title VII and FCRA.

27. Ms. Medina begged the elder Ford not to repeat her objections to his son, to no avail.

28. Mr. Ford, Jr., complained to Ms. Medina in an ensuing text that he had been counting on her to "protect [him]," clearly indicating that Mr. Ford Sr. broke Plaintiff's confidence.

29. Very shortly thereafter, on February 23, 2021, BD informed Ms. Medina that it had decided to terminate her employment, effective immediately.

30. BD made it clear that it terminated Ms. Medina's employment because of her

4

objections to the abuse, harassment, and discrimination based on sex to which Ms. Medina and other female employees were subjected.

31. Plaintiff's termination was for pretextual, retaliatory, and discriminatory reasons, based on her objection to the sexual harassment to which she was being subjected.

32. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII and the Florida Civil Rights Act.

33. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

34. Defendant does not have a non-discriminatory rationale for allowing and participating in the harassment and retaliation suffered by Plaintiff.

35. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

36. Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover up for illegal retaliation.

37. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and ultimately termination for objecting to same.

38. Defendant failed to take any remedial measures in response to Ms. Medina's objections to unlawful discrimination/harassment and other violations of law.

39. As a result of the severe and pervasive discrimination/harassment, and the lack of any remedial action taken in response to objections to discrimination/harassment, Defendant created a hostile work environment.

40. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive hostile working environment due to sexual harassment pursuant to Title VII and the FCRA.

41. Plaintiff's termination was due to the hostile work environment caused by Defendant's acts of sex-based discrimination and sexual harassment, and its failure to take prompt remedial measures to alleviate sexual harassment, discrimination based on sex, and retaliation as the law requires, and in retaliation for Plaintiff's objections to Defendant's violations of law, or what she reasonably believed to be violations of law.

42. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, Defendant's failure to remedy the illegal conduct, and her termination, is sufficiently close to create the necessary nexus between the events.

43. Plaintiff was treated in a disparate manner from her counterparts as a result of her sex.

44. By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

45. BD's adverse employment action against Ms. Medina was taken in retaliation for her sex and for her objections to BD's discrimination and harassment based on sex.

46. As a result of the above conduct by Defendant, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

47. As a result of Defendant's unlawful and retaliatory termination, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

48. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:
## SX DISCRIMINATION/SEXUAL HARASSMENT UNDER TITLE VII

49. Plaintiff realleges and adopts the allegations contained in paragraphs 1-48 as if

fully set forth in this Count.

50. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment/sex discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq*.

51. The sexual harassment to which Plaintiff was subjected was severe and pervasive, and based upon her being female.

52. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

54. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

55. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

56. Issue a declaratory judgment that the sexual harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

57. Require that Defendant make Plaintiff whole for her losses suffered as a result of the sexual harassment through reinstatement, or, if that is not applicable or practical, through an

award of front pay and/or promotion;

58. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

59. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 42 U.S.C. § 2000e-5(k).; and

60. Provide any additional relief that this Court deems just and appropriate.

## COUNT II:
## SEX DISCRIMINATION/SEXUAL HARASSMENT
## UNDER THE FLORIDA CIVIL RIGHTS ACT

61. Plaintiff realleges and adopts the allegations contained in paragraphs 1-48, as if fully set forth in this Count.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment/sex discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

63. The sexual harassment to which Plaintiff was subjected was severe and pervasive, and based upon her being female.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses

8

pursuant to Section 760.11(5), Fla. Stat.

67. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

68. Issue a declaratory judgment that the sexual harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

69. Require that Defendant make Plaintiff whole for her losses suffered as a result of the sexual harassment through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion;

70. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

71. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to Section 760.11(5), Fla. Stat.; and

72. Provide any additional relief that this Court deems just.

### COUNT III: FOR RETALIATION UNDER TITLE VII BASED ON OBJECTIONS TO ILLEGAL DISCRIMINATION/HARASSMENT

73. Plaintiff realleges and adopts the allegations contained in paragraphs 1-48 as if fully set forth in this Count.

74. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sexual harassment/sex discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq*.

75. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal sexual harassment/sex discrimination to which she was being subjected.

76. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

78. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

79. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT III

WHEREFORE, Plaintiff prays that this Court will:

80. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

81. Require that Defendant make Plaintiff whole for her losses suffered as a result of the retaliation through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion;

82. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

83. Award Plaintiff her reasonable attorney's fees and litigation expenses against

Defendant pursuant to 42 U.S.C. § 2000e-5(k); and

84. Provide any additional relief that this Court deems just.

### COUNT IV:
### FOR RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON OBJECTION TO DISCRIMINATION/HARASSMENT

85. Plaintiff realleges and adopts the allegations contained in paragraphs 1-48, as if fully set forth in this Count.

86. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sexual harassment under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

87. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal sexual harassment to which she was being subjected.

88. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

90. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

91. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT IV

WHEREFORE, Plaintiff prays that this Court will:

92. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

93. Require that Defendant make Plaintiff whole for her losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay and/or promotion;

94. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

95. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.;  and

96. Provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 21st day of April, 2023.

Respectfully submitted,

**/s /NOAH S. STORCH**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*