UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60746-RAR

**ERICKA MEDINA**,

    Plaintiff,

v.

**BULLDOG LOGISTICS, INC.,**

    Defendant.

_____/

**ORDER GRANTING MOTION FOR EXTENSION OF TIME
AND SERVICE BY ALTERNATE MEANS**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Extension of Time for Service of Complaint and to Allow Service of Process by Alternate Means ("Motion"), [ECF No. 9], filed on July 21, 2023. Plaintiff Ericka Medina seeks an extension of time to effectuate service of process upon Defendant Bulldog Logistics, Inc. and an order allowing Plaintiff to serve Defendant by email. Having reviewed the Motion, the record, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**. Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following the state law for serving a summons in an action . . . where the district court is located or where service is made." FED. R. CIV. P. 4(e). According to the Florida Rules of Civil Procedure, "[s]ervice of process by publication or any other means may be made as provided by statute." FLA. R. CIV. P. 1.070(d). Under Florida law, service by email is permitted under certain circumstances:

> If, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on a domestic or foreign corporation; a domestic or foreign general partnership, including a limited liability partnership; a domestic or foreign limited partnership, including a limited liability limited partnership; or a domestic or foreign limited liability company, the court, upon motion and a showing of such inability, may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit. Such other manners of service may include service electronically by e-mail or other technology by any person authorized to serve process in accordance with this chapter, or by an attorney. The court may authorize other methods of service consistent with the principles of due process. In suits involving a breach of contract, the court may consider authorizing the parties to effectuate service in the manner provided for in the contractual notice provision of the subject contract.

Fla. Stat. § 48.102 (2023). "[B]ecause the lack of personal service implicates due process concerns, a plaintiff must strictly comply with the statutory requirements." *Braddy v. Robinson*, No. 19-25140, 2020 WL 352826, at *2 (S.D. Fla. Jan. 21, 2020) (quoting *Redfield Investments, A.V.V. v. Vill. of Pinecrest*, 990 So. 2d 1135, 1138 (Fla. 3d DCA 2008)). The Court therefore "has the duty to determine . . . whether the plaintiff conducted an adequate search to locate the defendant." *Id.*

Here, Plaintiff has complied with all statutory requirements necessary to serve the Defendant via email under Florida law. This action brings claims for sexual harassment, sex discrimination, and retaliation against Defendant for subjecting Plaintiff to sexual harassment, retaliation, and ultimately termination under the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FCRA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"). Compl. [ECF No. 1] ¶ 1. Plaintiff's Motion is supported by exhibits confirming each attempt to effectuate service on Defendant made by Plaintiff, including email communications with a representative of Defendant regarding this action.

Plaintiff's Motion, supported by exhibits, asserts the following relevant facts. First, "[o]n April 25, 2023, Plaintiff first attempted to serve Defendant's Registered Agent, William Ford, at

384 Northyards Blvd NW Ste 190, Atlanta, GA 30313-2441; however, the process server was unable to effectuate service because the property appeared vacant." Mot. ¶ 3; Mot. Ex. A, Georgia Secretary of State Amended Annual Registration; Mot. Ex. B, Proof of Non-service.  After this first unsuccessful service attempt, "on May 6, 2023, Plaintiff requested that an investigation be performed to locate another address for the Defendant; however, a servable address for the subject was not found or confirmed." Mot. ¶ 4; Mot. Ex. C, Proof of Investigation.  While the investigation was under way, "[o]n May 9, 2023, Plaintiff attempted to re-attempt service on Defendant at 384 Northyard Blvd NW #190, Atlanta, GA 30318; however, Plaintiff was unable to effectuate service because the process server spoke with an individual who identified themselves as the receptionist and refused to accept service for the Defendant."  Mot. ¶ 6; Mot. Ex. D, Proof of Non-service.  Then, "[o]n May 17, 2023, a servable address was found by the investigation performed from Process Server" and "[o]n May 24, 2023, Plaintiff attempted to have process served on Defendant at 14 Wildwood Lane NE, Rome, GA, 30161; however, the process server was unable to effectuate service because the resident stated that the Defendant and the Registered Agent were unknown." Mot. ¶ 8; Mot. Ex. F, Proof of Non-service.

After several failed attempts to serve Defendant's first registered agent, "on June 20, 2023, Plaintiff attempted to have service of process attempted on [a second] registered agent's address for Registered Agent, Gregory Bailey, at 5682 Palazzo Way Ste. 101, Douglasville, GA, 30135[.]" Mot. ¶ 9.  "[H]owever, Plaintiff was unable to effectuate service because the process server spoke with an individual who identified himself as the corporate officer and refused to accept service because the person listed was no longer the Registered Agent." *Id.* ¶ 9; Ex. G, Proof of Non-service.  "Plaintiff tried to re-serve at the same address on July 3, 2023; however, Plaintiff was unable to effectuate service as the individual identified themselves as the employee and stated that

the Defendant had moved and that the person no longer receives documents for William Ford, as he has an office somewhere in Atlanta." Mot. ¶ 10; Mot. Ex. H, Proof of Non-service.

Plaintiff identified an additional address and attempted service there. A process service company, "ABC Legal, performed an investigation and found a servable address at: 180 Plunkett Dr, Fayetteville, Fayette County, GA 30215-8409." Mot. ¶ 11. "On July 6, 2023, Plaintiff attempted to serve Defendant at 180 Plunkett Dr. Fayetteville, GA 30215; however, Plaintiff was unable to effectuate service because there was no answer at the address. *Id.* ¶ 12; Mot. Ex. J, Proof of Non-service.

Then, "Plaintiff's counsel found a new registered agent to serve with a new business located at the same, principal address: 384 Northyards Blvd NW, Unit 190, Atlanta, GA 30313." Mot. ¶ 13. Plaintiff asserts, "[o]n July 12, 2023, Defendant was properly served with a summons and a copy of the Complaint at Registered Agent, United States Corporation Agents, Inc., address at 1870 The Exchange, Ste. 200 #44, Atlanta, GA 30339." *Id.* ¶ 13; Mot. Ex. K, Return Service Executed. However, "[o]n July 21, 2023, Plaintiff's Counsel received [] correspondence from Legalinc Corporate Services, Inc., claiming that the incorrect entity was served." Mot. ¶ 15; Mot. Ex. M, Legalinc Letter.

Importantly, Plaintiff's counsel has been in contact with William Ford Jr. of Bulldog Logistics by email. On July 7, 2023, a representative from Plaintiff's counsel's office emailed Ford stating: "We have filed a complaint against your company, Bulldog Logistics, Incorporated. We are contacting you to see if you'd like to avoid the costs of service of process by waiving service. Please let us know." Mot. Ex. N, Email Exchange [ECF No. 9-12] at 3. Plaintiff attached the Summons and Complaint to the email. *Id.* Ford replied to the email with four numbered

paragraphs in response to Plaintiff's email. *Id.* at 2–3. The parties engaged in three additional exchanges, but Ford did not agree to accept service by email. *Id.* at 1–2.

Based on the facts asserted in Plaintiff's Motion and supported by documentary evidence, the Court finds that Plaintiff has conducted an adequate search to locate the Defendant. *See generally*, Mot. As required by statute, Plaintiff has done her "due diligence" to attempt service of process on Defendant through Plaintiff's seven attempts at service. *See* Fla. Stat. § 48.102. Moreover, Plaintiff's Motion sufficiently "show[s] such inability" to effectuate service, as six of the seven attempts were unsuccessful, and the accuracy of the last attempt is disputed. *Id.* Further, Plaintiff's Motion demonstrates that service by email "will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit" because Plaintiff's counsel has already been in contact with a representative of Defendant about the suit and provided the Summons and Complaint via email. *Id.*; Mot. Ex. N, Email Exchange. Therefore, the Court is authorized to permit alternative service which "may include service electronically by e-mail." *See* Fla. Stat. § 48.102.

**Accordingly, Plaintiff is permitted to serve Defendant Bulldog Logistics, Inc. by email to William Ford Jr. at williamford@bulldoglogistic.com on or before August 21, 2023.** Plaintiff shall file a Proof of Service on the docket when service is perfected. If Plaintiff is unable to perfect service, Plaintiff shall file a Motion for Extension of Time.

**DONE AND ORDERED** in Miami, Florida this 26th day of July, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**